1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, | CASE NO. C16-1866-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | |
| Defendants. | |

16

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendants' Motion for Reconsideration (Dkt. No. 42) of the Court's Order on Defendant's Motion to Dismiss (Dkt. No. 39).

On September 19, 2017, the Court granted in part and denied in part Defendants' motion to dismiss. (Dkt. No. 39.) Defendants move for reconsideration or, at a minimum, clarification of the Order concerning the Court's ruling on subject matter jurisdiction for Claims 4 and 5. (Dkt. No. 42 at 1.) Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). But reconsideration is appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Defendants assert it was manifest error for the

Court to apply procedural injury analysis when Plaintiff expressly disclaimed procedural injury for Claims 4 and 5. (Dkt. No. 42 at 1–2.) Defendants also seek reconsideration of the Court's Order with respect to Defendants' mootness argument for Claim 5. (*Id.*)

The Court clarifies that Plaintiff has standing for Claims 4 and 5 based on either Plaintiff's procedural injury or the traditional standing test. (*See* Dkt. No. 39 at 6–8) (concluding that Plaintiff's have standing for Claims 1–5 under either test). Given the Court's independent obligation to evaluate subject-matter jurisdiction, *Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013), the Court is not bound by Plaintiff's reliance on traditional standing for these claims (*See* Dkt. No. 25 at 48).

As to Defendants' mootness argument for Claim 5, the Court did not misapprehend whether there is any meaningful relief the Court can order. (Dkt. No. 54 at 2.) Relief may include clawing back existing grants or precluding Defendants from making current-year grants until such time as Defendants show they have made reasonable progress determinations pursuant to 33 U.S.C. § 1329(h)(8). Nor did the Court overlook or fail to address the fact that every Section 319 satisfactory progress determination is based on distinct fact-specific circumstances. (Dkt. No. 42 at 4.) Plaintiff alleges Defendants' 2015 progress determination was arbitrary and capricious because Washington's 2015 Section 319 Plan "contains no schedule for implementing BMPs and no identified BMPs." (Dkt. No. 18 at 31.) Plaintiff's allegations demonstrate the issue is not moot because the situation is capable of repetition but could evade review. This is true in spite of the fact-specific circumstances involved.

The Court DENIES Defendant's motion for reconsideration (Dkt. No. 42).

DATED this 31st day of October 2017.

William M. McCool
Clerk of Court

s/*Tomas Hernandez*
Deputy Clerk