THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>Defendants. | CASE NO. C16-1866-JCC<br><br>ORDER REGARDING SCOPE OF REVIEW |

This matter comes before the Court on Plaintiff's motion to determine scope of review for Claim 6[1] (Dkt. No. 44). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

Plaintiff brings five claims pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 704, and one claim pursuant to the Endangered Species Act's ("ESA") citizen-suit provision, 16 U.S.C. § 1540(g)(1). (Dkt. No. 18 at 27–32.) The Court previously discussed the underlying facts of the case in ruling on Defendants' motion to dismiss and will not repeat those

---

[1] Plaintiff alleges in Claim 6 that Defendants failed to comply with the Endangered Species Act's Section 7 consultation requirements before approving plans and making grants addressing Washington's sources of nonpoint water pollution. (Dkt. No. 18 at 31–32.)

ORDER REGARDING SCOPE OF REVIEW
C16-1866-JCC
PAGE - 1

facts here. (*See* Dkt. No. 39 at 1–4.) At issue is whether the Court can look beyond the administrative record in resolving Plaintiff's ESA citizen-suit claim. The Court concludes that it can.

The ESA's citizen-suit provision contains no standard or scope for judicial review. *See* 16 U.S.C. § 1540(g). According to Ninth Circuit precedent, the APA's *standard* of review—an abuse of discretion—applies. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 496 (9th Cir. 2011). This is undisputed by the parties. (Dkt. Nos. 44 at 3–5, 47 at 3–5.) But the parties dispute whether the APA's *scope* of review—the administrative record—should also apply. (*Id.*) Consistent with Ninth Circuit precedent, Plaintiff asserts the scope of review is not limited to the administrative record. (*See* Dkt. No. 44 at 3–5) (citing *W. Watersheds Project*, 632 F.3d at 496; *Wash. Toxics Coal. v. Env't Prot. Agency*, 413 F.3d 1024, 1034 (9th Cir. 2005)). Defendants assert prevailing Supreme Court precedent and recent Ninth Circuit decisions hold otherwise. The Court disagrees. *W. Watersheds Project* and *Wash. Toxics Coal.* control.

Defendants cite *U.S. v. Carlo Bianchi & Co.*, 373 U.S. 709, 709, 714–15 (1963). (Dkt No. 47 at 3.) But at issue in *Carlo Bianchi & Co.* was the scope of review under the Wunderlich Act, whose purpose is to allow for review of decisions by federal agencies. 373 U.S. 709, 709, 714–15 (1963). It stands to reason that a court would have no need to look beyond the administrative record when considering the reasonableness of an agency's decision. The ESA's citizen-suit provision is a different animal. It is a "means by which private parties may enforce the substantive provisions of the ESA against regulated parties—both private entities and Government agencies." *Bennett v. Spear*, 520 U.S. 154, 173 (1997). Therefore, adjudication of an ESA citizen-suit claim requires a broader, more searching analysis than the administrative record can provide. Correspondingly, the Court need not limit consideration of such matters to the administrative record.

Defendants also cite *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581 (9th Cir. 2014), and *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971 (9th Cir. 2014),

claiming these cases represent current Ninth Circuit jurisprudence on the issue. (Dkt. No. 47 at 4.) Again, the Court disagrees. While both cases involved the adjudication of ESA-based claims limited to the administrative record, that was because both cases were biological opinion challenges. *Jewell*, 747 F.3d at 602, 604; *Locke*, 776 F.3d at 991, 995. Biological opinion challenges are APA claims, *not* citizen-suit claims. *See Bennett*, 520 U.S. at 178–79 (distinguishing between ESA-based APA claims and ESA citizen-suit claims).

Other Ninth Circuit cases that Defendants cite are also distinguishable because the decisions lack any reasoned analysis of the issue.[2] (*See* Dkt. No. 47 at 6.) Without such analysis, a holding lacks precedential value. *See U.S. v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (*en banc*) (Kozinski, J., concurring) (circuit law is created "where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration"); *Summers v. Schriro,* 481 F.3d 710, 712–13 (9th Cir. 2007) (judicial assumption based upon parties' uncontested joint position is not a holding).

For the foregoing reasons, Plaintiff's motion (Dkt. No. 44) is GRANTED. The parties are reminded that prior to bringing any discovery disputes to the Court, they must meet and confer in accordance with W.D. Wash. Local Civ. R. 37.

//
//
//
//
//
//

---

[2] Those cases included *Karuk Tribe v. U.S. Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012). As the Court previously noted, the parties in *Karuk* stipulated to an administrative record review. *See Wild Fish Conservancy v. Pritzker*, Case No. C16-0223-JCC, Dkt. No. 24 at *1 n.1 (W.D. Wash. 2016). *Karuk* does not stand for the proposition Defendants assert.

DATED this 8th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE