The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, an Oregon non-profit corporation, | NO.  2:16-cv-01866-JCC |
| Plaintiff, | STATE OF WASHINGTON'S MOTION TO INTERVENE AS DEFENDANT |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE, THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, and THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, agencies of the United States of America | |
| Defendants, | |
| and | |
| STATE OF WASHINGTON, | |
| Applicant Defendant-Intervenor. | |

Pursuant to Federal Rule of Civil Procedure 24(a) and 24(b), the State of Washington, respectfully moves for leave to intervene as a Defendant in the above-captioned matter. Counsel for Washington has consulted with counsel for Plaintiff and Defendants. Counsel for Plaintiff has informed counsel for Washington that Plaintiff takes no position on Washington's motion. Counsel for Defendants has also informed counsel for Washington that Defendants take no position on Washington's motion.

STATE OF WASHINGTON'S MOTION
TO INTERVENE AS DEFENDANT
(No. 2:16-cv-01866-JCC)

1

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

Washington is entitled to intervene as of right under Rule 24(a) because Washington's motion is timely, Washington has a significant interest in the subject of this lawsuit, Washington's interests will be impaired and impeded if the Court grants the relief sought by Plaintiff, and Washington's interests are not adequately represented by the existing parties.

Permissive intervention under Rule 24(b)(1)(B) is also appropriate because Washington's defense to Plaintiff's claims share common issues of fact and law with those in this action.

Permissive intervention under Rule 24(b)(2) is also appropriate because Washington's Department of Ecology is the state agency responsible for developing and implementing the nonpoint source pollution programs that are the subject of Plaintiff's First Amended Complaint (Dkt. #18). Plaintiff requests that the Court declare that the Environmental Protection Agency (EPA) unlawfully approved Washington's nonpoint source program under section 319 of the Clean Water Act, 33 U.S.C. § 1329, and unlawfully declared that Washington has made satisfactory progress in meeting the schedule for implementing best management practices (BMPs) pursuant to 33 U.S.C. § 1329(h)(8). Dkt. #18 at 33. To remedy these alleged violations, and alleged violations regarding Washington's Coastal Nonpoint Program, Plaintiff requests that the Court order EPA to withhold Clean Water Act nonpoint source grant funds from Washington, and order the National Oceanic and Atmospheric Administration (NOAA) to withhold Coastal Zone Management Act (CZMA) nonpoint source grant funds from Washington. *Id.* Plaintiff not only seeks to invalidate nonpoint source pollution programs implemented by Ecology, but also seeks to withhold grant funds that Ecology relies on to implement important nonpoint source pollution programs in Washington.

STATE OF WASHINGTON'S MOTION
TO INTERVENE AS DEFENDANT
(No. 2:16-cv-01866-JCC)

2

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1    This motion is supported by the following Memorandum in Support. Washington has

2    attached its proposed Answer to the First Amended Complaint to this motion as an exhibit.

3    Washington respectfully requests that the Court issue an order granting Washington's Motion

4    to Intervene.

5                                **MEMORANDUM IN SUPPORT**

6                              **I.      BACKGROUND**

7           Section 319 of the Clean Water Act directs States to submit management programs for

8    controlling nonpoint source pollution to EPA for approval. 33 U.S.C. § 1329(b)(1). States with

9    approved programs may apply to EPA for federal grants to assist the State in implementing its

10   nonpoint program. 33 U.S.C. § 1329(h)(1). EPA may not provide a grant to a State that

11   received a grant in the preceding fiscal year unless EPA determines that the State has made

12   satisfactory progress in the preceding fiscal year in meeting the schedule specified by the State

13   in its nonpoint source management program. 33 U.S.C. § 1329(h)(8).

14          The Coastal Zone Act Reauthorization Amendments of 1990 (CZARA) directs states

15   with approved Coastal Zone Management Act programs to submit a Coastal Nonpoint

16   Pollution Control Program to EPA and NOAA for approval. 16 U.S.C. § 1455b(a)(1). If a

17   coastal State fails to submit an approvable Nonpoint Program, NOAA is required to withhold

18   a portion of grants otherwise available to the State under section 306 of the Coastal Zone

19   Management Act, and EPA is required to withhold a portion of grants available to the State

20   under section 319 of the Clean Water Act. 16 U.S.C. § 1455b(c)(3) and (4).

21          Plaintiff requests that the Court declare that EPA unlawfully approved Washington's

22   Clean Water Act section 319 nonpoint source management program, and unlawfully

23   concluded that Washington made satisfactory progress in the preceding year in meeting the

24   schedule to implement best management practices. Dkt. #18 at 33, ¶¶ G, H (First Amended

25   Complaint). Plaintiff also requests that the Court declare that NOAA and EPA have violated

26   CZARA by failing to withhold CZMA and Clean Water Act grant funds from Washington.

STATE OF WASHINGTON'S MOTION
TO INTERVENE AS DEFENDANT
(No. 2:16-cv-01866-JCC)
                                            3
ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1    *Id.* at 32–33, ¶¶ C, E. Finally, Plaintiff requests that the Court order NOAA to withhold

2    CZMA grant funds from Washington, and order EPA to withhold Clean Water Act section

3    319 grant funds from Washington. *Id.* at 33, ¶¶ D, F, I.

4          Ecology is the state agency with jurisdiction to control and prevent the pollution of

5    waters of the State. RCW 90.48.030. Ecology is designated the state water pollution control

6    agency for all purposes of the federal Clean Water Act, and has the authority to establish and

7    administer state programs in a manner that will ensure the procurement of grants to assist in

8    the administration of water pollution control management programs. RCW 90.48.260(1).

9    Ecology coordinates with other Washington agencies to implement the Forest Practices Act,

10   RCW 76.09, concerning nonpoint pollution associated with silvicultural activities.

11   RCW 90.48.420(1); RCW 90.48.425. Washington is concerned that the relief requested by

12   Plaintiff will impair Ecology's ability to administer important programs to control and

13   prevent nonpoint source pollution of Washington's waters. Washington seeks to intervene in

14   this case in order to protect its ability to implement nonpoint source pollution control

15   programs to protect Washington's waters.

16                  **II.     ARGUMENT**

17   **A.     Intervention Of Right**

18         Under Federal Rule of Civil Procedure 24(a), an applicant has the right to intervene if

19   (1) the motion is timely, (2) the applicant has a "significantly protectable" interest relating to

20   the property or transaction that is the subject of the litigation, (3) the applicant is situated in a

21   way that the disposition of the action may, as a practical matter, impair or impede that

22   interest, and (4) the applicant's interest is not adequately represented by the existing parties

23   in the lawsuit. Fed. R. Civ. P. 24(a); *Southwest Ctr. for Biological Diversity v. Berg*,

24   268 F.3d 810, 817 (9th Cir. 2001). Rule 24(a) is construed liberally in favor of applicant-

25   intervenors. *Southwest Ctr. for Biological Diversity*, 268 F.3d at 817.

26

STATE OF WASHINGTON'S MOTION
TO INTERVENE AS DEFENDANT
(No. 2:16-cv-01866-JCC)

4

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

At this stage of the litigation, intervention is timely. The Court's October 31, 2017 Minute Entry Re: Status Conference (Dkt. #55) established January 5, 2018 as the deadline for "3rd Party action" and Washington is prepared to comply with the schedule established in the Minute Entry and any amendments thereto.[1] Washington is also prepared to comply with any other scheduling requirements, and to participate in this litigation in a manner that does not impede the progress of the case or prejudice any other party to this case.

Washington has a "significantly protectable" interest in the subject of this litigation. Plaintiff requests that the Court declare that EPA unlawfully approved Washington's Clean Water Act Section 319 Nonpoint Program and order EPA to withhold section 319 grant funding from Washington. Dkt. #18 at 33, ¶¶ F– I. Plaintiff also requests an Order directing NOAA to withhold Coastal Zone Management Act grant funding from Washington. *Id.* ¶ D. If Plaintiff is successful, Washington will not be able to rely on EPA's prior approval of Washington's Clean Water Act Section 319 Nonpoint Program and will lose grant funding Washington relies on to implement its Coastal Nonpoint Program and Clean Water Act Section 319 Nonpoint Program. Washington's participation in this litigation will allow Washington to protect its significant interest in continuing to rely on EPA's approval of Washington's Clean Water Act Section 319 Nonpoint Program, and to continue receiving federal grant funding that Washington relies on to implement its Coastal Nonpoint Program and Clean Water Act Section 319 Nonpoint Program.

Disposition of this action will impair Washington's ability to protect its interests. As discussed above, if Plaintiff is successful, the Court will invalidate EPA's prior approval of Washington's Clean Water Act Section 319 Nonpoint Program, and will order EPA and NOAA to withhold grant funding for Washington's nonpoint programs. The loss of federal grant funding would significantly reduce the resources available to Washington to implement important pollution control programs to protect Washington's waters, thereby impairing

---

[1] The Court has recently extended this deadline to January 19, 2018. Dkt. #65 (Minute Order).

STATE OF WASHINGTON'S MOTION
TO INTERVENE AS DEFENDANT
(No. 2:16-cv-01866-JCC)

5

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1  Washington's interest "to maintain the highest possible standards to insure the purity of all

2  waters of the state . . . ." RCW 90.48.010.

3  Washington's interests are not adequately represented by the existing parties. The

4  burden on a proposed intervenor in showing inadequate representation is "minimal," and is

5  satisfied if the proposed intervenor can demonstrate "that representation of [its] interests

6  'may be' inadequate." *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003). Plaintiff

7  challenges Washington's nonpoint pollution control programs and seeks to withhold federal

8  grant funding that Washington relies on to implement its nonpoint pollution control

9  programs. As such, Plaintiff does not represent Washington's interests. Defendants represent

10  a national interest in implementing the Clean Water Act and CZARA and do not represent

11  Washington's interest in continuing to receive federal grant funding to implement

12  Washington's nonpoint pollution control programs. Washington has met its minimal burden

13  to show that representation of its interests by the existing parties may be inadequate, and

14  respectfully requests that the Court grant intervention of right to Washington under Fed. R.

15  Civ. P. 24(a).

16  **B.     Permissive Intervention**

17  Federal Rule of Civil Procedure 24(b)(1)(B) grants the Court discretion to allow

18  permissive intervention on a timely motion to anyone who has a claim or defense that shares

19  a common question of law or fact with the main action. Washington has developed and

20  implements the nonpoint pollution control programs Plaintiff is challenging. Washington's

21  claim is that it should be allowed to continue to rely on EPA's approval of Washington's

22  Clean Water Act Section 319 Nonpoint Program and should continue to receive federal grant

23  funding to assist in the implementation of Washington nonpoint pollution control programs

24  under the Clean Water Act and CZARA. Plaintiff requests that the Court declare that EPA

25  unlawfully approved Washington's Clean Water Act Section 319 Nonpoint Program, and

26  order EPA and NOAA to withhold nonpoint source grant funding from Washington.

STATE OF WASHINGTON'S MOTION
TO INTERVENE AS DEFENDANT
(No. 2:16-cv-01866-JCC)

6

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1    Washington's claims and defenses share a common question of law or fact with Plaintiff's

2    action, and permissive intervention is therefore appropriate under Fed. R. Civ. P. 24(b)(1)(B).

3      Permissive intervention is also appropriate under Fed. R. Civ. P.24(b)(2) which grants

4    the Court discretion to allow permissive intervention to a state agency on a timely motion

5    where a party's claim or defense is based on a statute administered by the agency or any

6    regulation, order, requirement, or agreement issued or made under the statute. Under the

7    Clean Water Act, states are required to develop nonpoint pollution control programs and

8    approved programs are eligible for federal grant funding. 33 U.S.C. § 1329(b), (h). Under

9    CZARA, states with approved Coastal Zone Management Act programs are required to

10   submit a Coastal Nonpoint Pollution Control Program to EPA and NOAA for approval and

11   are eligible for federal grant funding under the Coastal Zone Management Act and Clean

12   Water Act to implement an approved program. 16 U.S.C. §§ 1455b(a)(1), (c)(3), (c)(4).

13     Ecology is the state agency authorized to control and prevent the pollution of waters of

14   the State of Washington. RCW 90.48.030. Ecology is the designated state water pollution

15   control agency for all purposes of the Clean Water Act in Washington State. RCW 90.48.260.

16   This designation includes a directive from the state Legislature to establish and administer

17   programs in a manner that will ensure grant funding for pollution control programs.

18   RCW 90.48.260(1)(b). Ecology is also the designated state agency responsible for the

19   regulation of the shorelines of the state, and is authorized to receive federal grants that relate to

20   the regulation of the State's shorelines. RCW 90.58.300. The validity of Washington's

21   nonpoint pollution control programs, as well as the funding Ecology relies on to implement

22   Washington's nonpoint pollution control programs, is at the heart of Plaintiff's Complaint.

23   Consequently, Plaintiff's claims are based on statutes administered by the State of Washington,

24   Department of Ecology. Washington is therefore eligible for permissive intervention under

25   Fed. R. Civ. P. 24(b)(2) and the Court should grant permissive intervention to Washington in

26   the event the Court concludes Washington is not entitled to intervene as of right.

STATE OF WASHINGTON'S MOTION     7     ATTORNEY GENERAL OF WASHINGTON
TO INTERVENE AS DEFENDANT         Ecology Division
(No. 2:16-cv-01866-JCC)            PO Box 40117
                     Olympia, WA 98504-0117
                     360-586-6770

1

### III.    CONCLUSION

2       Washington has a significant interest in being able to rely on EPA's approval of

3   Washington's Clean Water Act Section 319 Nonpoint Program and to continue receiving

4   federal grant funding to implement Washington's nonpoint pollution control programs.

5   Plaintiff's Complaint directly affects these interests. For the reasons discussed above,

6   Washington respectfully requests that the Court grant Washington's Motion to Intervene.

7       RESPECTFULLY SUBMITTED this 5th day of January, 2018.

8                           ROBERT W. FERGUSON
                            Attorney General
9

10                          /s/ Ronald L. Lavigne
                            RONALD L. LAVIGNE, WSBA #18550
11                          Senior Counsel

12                          Attorneys for Applicant Defendant-Intervenor
                            State of Washington
13                          P.O. Box 40117
                            Olympia, WA 98504-0117
14                          360-586-6751
                            Email: *RonaldL@atg.wa.gov*
15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Washington by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 5th day of January, 2018.

/s/ Ronald L. Lavigne
Ronald L. Lavigne, WSBA #18550
Senior Counsel
360-586-6751
*RonaldL@atg.wa.gov*

STATE OF WASHINGTON'S MOTION
TO INTERVENE AS DEFENDANT
(No. 2:16-cv-01866-JCC)

9