THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ENVIRONMENTAL ADVOCATES,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,

Defendants.

CASE NO. C16-1866-JCC

ORDER GRANTING WASHINGTON'S MOTION TO INTERVENE

This matter comes before the Court on Washington's unopposed motion to intervene (Dkt. No. 66). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Absent an unconditional right to intervene by statute, a party seeking to intervene as a matter of right must: (1) timely move to intervene; (2) have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) not be adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *see* Fed. R. Civ. P. 24(a)(2). The rule is to be construed liberally in favor of potential intervenors. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

Washington's motion is timely. (*See* Dkt. No. 55) (scheduling order). Further,

Washington's interests are deeply intertwined with the underlying issues in this case and may not be adequately represented by existing parties. *See Arakaki*, 324 F.3d at 1086. Therefore, the Court finds Washington may intervene as a matter of right. The Court need not consider whether permissive intervention is allowed in this instance. *See* Fed. R. Civ. P. 26(b).

Accordingly, Washington's motion to intervene (Dkt. No. 66) is GRANTED. The Court DIRECTS Intervenor to file its proposed answer within ten (10) days.

DATED this 29th day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE