1

2                                                              The Honorable John C. Coughenour

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**
                         **WESTERN DISTRICT OF WASHINGTON**
                                  **AT SEATTLE**
8

9    NORTHWEST ENVIRONMENTAL
     ADVOCATES, an Oregon non-profit            NO.  2:16-cv-01866-JCC
     corporation,
10

11                            Plaintiff,        STATE OF WASHINGTON'S
                                                REPLY IN SUPPORT OF CROSS-
          v.                                    MOTION FOR PARTIAL
12                                              SUMMARY JUDGMENT ON
                                                CLAIMS TWO AND THREE
13   UNITED STATES DEPARTMENT OF
     COMMERCE, THE NATIONAL
     OCEANIC AND ATMOSPHERIC                     NOTED:  June 8, 2018
14   ADMINISTRATION, and THE UNITED
     STATES ENVIRONMENTAL
15   PROTECTION AGENCY, agencies of
     the United States of America,
16
                              Defendants,
17
          and
18
     STATE OF WASHINGTON,
19
                    Defendant-Intervenor.
20

21

22

23

24

25

26

STATE OF WASHINGTON'S REPLY IN                          ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF CROSS-MOTION FOR                                        Ecology Division
PARTIAL SUMMARY JUDGMENT                                           PO Box 40117
NO. 2:16-cv-01866-JCC                                          Olympia, WA 98504-0117
                                                                    360-586-6770

1

**TABLE OF CONTENTS**

2   I.    INTRODUCTION.................................................................................................. 1

3   II.   ARGUMENT ....................................................................................................... 2

4         A.   NOAA and EPA Have Determined That Washington Has Submitted an
               Approvable Coastal Nonpoint Pollution Control Program....................................... 2
5
6   III.  CONCLUSION ................................................................................................... 6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S REPLY IN                    i        ATTORNEY GENERAL OF WASHINGTON
SUPPORT OF CROSS-MOTION FOR                                        Ecology Division
PARTIAL SUMMARY JUDGMENT                                           PO Box 40117
NO. 2:16-cv-01866-JCC                                           Olympia, WA 98504-0117
                                                                   360-586-6770

# TABLE OF AUTHORITIES

## Cases

*Barnhart v. Sigmon Coal Co., Inc.*,
  534 U.S. 438, 122 S. Ct. 941, 151 L. Ed. 2d 908 (2002)...........................................................4

*Miller v. Glen Miller Prod., Inc.*,
  454 F.3d 975 (9th Cir. 2006) .........................................................................................3

## Statutes

16 U.S.C. § 1455b(c)(1).............................................................................................2, 3, 4

16 U.S.C. § 1455b(c)(3).........................................................................................2, 3, 4, 5

16 U.S.C. § 1455b(c)(4).........................................................................................2, 3, 4, 5

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:16-cv-01866-JCC

ii

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1

2

## I.     INTRODUCTION

3

4           Plaintiff Northwest Environmental Advocates requests that the Court punish the State

of Washington and its citizens by directing the National Oceanic and Atmospheric

5    Administration (NOAA) and the Environmental Protection Agency (EPA) to withhold grant

6    funds that Washington uses for a variety of important nonpoint source pollution control

7    projects. Plaintiff's Reply Brief does not, and cannot, rebut the fact that the reduced funding

for nonpoint source pollution control that Plaintiff seeks in its Motion for Partial Summary

8    Judgment will force Washington to reduce the funding it awards to Indian Tribes, nonprofit

9    organizations, state agencies, and local governments to perform nonpoint source pollution

10   control projects. Nor does Plaintiff rebut the fact that a reduction in nonpoint source pollution

control projects will result in increased levels of nonpoint pollution in Washington waters, a

11   result that will be harmful to the citizens of Washington and to the six declarants who

12   submitted declarations to support Plaintiff's standing by testifying to a desire to reduce

13   pollution in Washington waters. Dkts. #27–32. Fortunately, the Court is not required to grant

the harmful injunctive relief Plaintiff requests. In fact, the Court is not required to grant any

14   relief to Plaintiff because NOAA and EPA have not found that Washington has failed to

15   submit an approvable coastal nonpoint pollution control program. To the contrary, NOAA and

16   EPA have found that Washington has an approvable program and have worked with

Washington and Western Washington Treaty Tribes to improve Washington's approvable

17   program to better coordinate federal funding with the goal of salmon recovery. The Court

18   should grant summary judgment to Washington on claims two and three of Plaintiff's Second

19   Amended and Supplemental Complaint because the agencies have not found that Washington

has failed to submit an approvable Coastal Nonpoint Pollution Control Program, which is

20   required before the agencies withhold grant funding from Washington. In the alternative, the

21   Court should conclude that whether Washington's Coastal Nonpoint Pollution Control

22

23

24

25

26

Program is approvable, presents material issues of fact that precludes a summary judgment ruling on claims two and three.

## II.   ARGUMENT

### A.   NOAA and EPA Have Determined That Washington Has Submitted an Approvable Coastal Nonpoint Pollution Control Program

Under 16 U.S.C. § 1455b(c)(3) and (4) NOAA and EPA are required to withhold grant funding from a coastal state only if NOAA and EPA "finds that a coastal State has failed to submit an approvable [Coastal Nonpoint Pollution Control] program . . . ." Plaintiff requests that the Court order NOAA and EPA to withhold grant funding for nonpoint source pollution control in Washington because, according to Plaintiff, in 1998 NOAA and EPA "expressly [found] that Washington failed to submit an approvable program for ten of the twelve program components the agencies reviewed." Dkt. #109, at 2 (citing CZ0005980–CZ0005991).[1] As NOAA and EPA have explained, their decision in 1998 was to approve Washington's program with conditions and the agencies did not find that Washington failed to submit an approvable program. Dkt. #108, at 19. Since the agencies did not find that Washington failed to submit an approvable program in 1998, the agencies were not required to withhold grant funding from Washington and are not required to do so now.

While the record does not support Plaintiff's argument that the agencies expressly found that Washington failed to submit an approvable program in 1998, the record does support Washington's argument that in 2012 the agencies expressly found that Washington had submitted an approvable program. CZ0012400 ("NOAA and EPA find that Washington has satisfied all conditions of approval."). Despite their finding that Washington submitted an approvable program, the agencies delayed a formal finding that Washington's program was "approved" under 16 U.S.C. § 1455b(c)(1) "in order to encourage the State to work with Northwest Tribes regarding the Tribes' request that federal agencies take further action to

---

[1] Defendants filed the Administrative Record in three installments. Citation to the Administrative Record will cite to the bates number stamped at the bottom of the specified page.

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO.  2:16-cv-01866-JCC

2

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1    protect Tribal treaty rights to salmon." Dkt. #108, at 5 (citing CZ0012472). While the agencies

2    decided to delay a formal determination that Washington's program was "approved" under

3    16 U.S.C. § 1455b(c)(1), neither NOAA nor EPA found that Washington had "failed to submit

4    an approvable program" under 16 U.S.C. § 1455b(c)(3) and (4). Nonetheless, Plaintiff

5    speculates that the agencies' decision to delay a formal determination that Washington's

6    program was "approved" under 16 U.S.C. § 1455b(c)(1) demonstrates "that either NOAA or

7    EPA found that Washington still did not have an approvable program as of 2012." Dkt. #109,

8    at 20. There are  two significant problems with Plaintiff's speculation.

9         First, there is nothing in the record to support Plaintiff's speculation, and only

10   admissible evidence may be considered in deciding a summary judgment motion. *Miller v.*

11   *Glen Miller Prod., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). Plaintiff's unsupported speculation

12   is insufficient to defeat Washington's Cross-Motion for Partial Summary Judgment on Claims

13   Two and Three. Dkt. #105.

14        Second, Plaintiff's Second Claim for Relief alleges that "NOAA has found that

15   Washington failed to submit an approvable Coastal Nonpoint Program" and Plaintiff's Third

16   Claim for Relief alleges that "EPA has found that Washington failed to submit an approvable

17   Coastal Nonpoint Program." Dkt. #74, at 28–29. Based on these allegations, Plaintiff's Second

18   Amended and Supplemental Complaint requests that the Court declare that NOAA violated

19   16 U.S.C. § 1455b(c)(3) by failing to withhold grant funding from Washington, and that EPA

20   violated 16 U.S.C. § 1455b(c)(4) by failing to withhold grant funds from Washington.

21   Dkt. #74, at 33. However, Plaintiff's speculation that "*either* NOAA *or* EPA" found that

22   Washington did not have an approvable program in 2012 does not provide a basis to order both

23   NOAA and EPA to withhold grant funds from Washington. If NOAA made a finding under

24   16 U.S.C. § 1455b(c)(3) that Washington did not have an approvable program in 2012, which

25   NOAA did not do, there would be no basis to order EPA to withhold grant funds under

26   16 U.S.C. § 1455b(c)(4). Likewise, if EPA made a finding under 16 U.S.C. § 1455b(c)(4) that

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO.  2:16-cv-01866-JCC

3

1   Washington did not have an approvable program in 2012, which EPA did not do, there would

2   be no basis to order NOAA to withhold grant funds under 16 U.S.C. § 1455b(c)(3).

3         The Court should reject Plaintiff's request to force increased nonpoint source pollution

4   on the citizens of Washington based on Plaintiff's unsupported speculation that NOAA or EPA

5   made a determination that neither agency actually made. Given Plaintiff's failure to support its

6   speculation with any evidence, the Court should grant summary judgment to Washington

7   regarding claims two and three because in 2012 both NOAA and EPA determined that

8   Washington had submitted an approvable Coastal Nonpoint Pollution Control Program.

9         Plaintiff also contends that the agencies' 2012 determination that Washington had

10   submitted an approvable program, was not a determination because it was an unsigned,

11   proposed decision that the agencies did not finalize. Dkt. #109, at 21. At best, this argument

12   simply means NOAA and EPA have not formally "approved" Washington's Coastal Nonpoint

13   Pollution Control Program under 16 U.S.C. § 1455b(c)(1). However, the lack of a formally

14   "approved" program under 16 U.S.C. § 1455b(c)(1) is not a basis for withholding grant

15   funding from Washington under 16 U.S.C. § 1455b(c)(3) or (4). Before NOAA or EPA

16   withhold grant funds from Washington, as Plaintiff requests, the agencies must find that

17   Washington "failed to submit an approvable program." 16 U.S.C. § 1455b(c)(3), (4). The

18   Court must presume that Congress acted intentionally and purposely when it elected to use

19   different language in 16 U.S.C. § 1455b(c)(1) ("program shall be approved") and 16 U.S.C.

20   § 1455b(c)(3), (4) (requiring a finding that "a coastal State has failed to submit an approvable

21   program" before withholding grant funding). *Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438,

22   452, 122 S. Ct. 941, 151 L. Ed. 2d 908 (2002). The agencies' proposed decision to formally

23   approve Washington's Coastal Nonpoint Pollution Control Program in 2012 demonstrates that

24   neither NOAA nor EPA found that Washington failed to submit an approvable Coastal

25   Nonpoint Pollution Control Program. The Court should therefore grant summary judgment to

26   Washington regarding claims two and three.

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO.  2:16-cv-01866-JCC

4

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1    Finally, Plaintiff argues that the Court should reject Washington's request that the

2  Court find that Washington has submitted an approvable program or set that issue for trial

3  because, according to Plaintiff, whether Washington has an approvable program "is not at issue

4  in this case" and "such a ruling would impermissibly intrude on the agencies' roles and subvert

5  NWEA's opportunity to comment on any proposal to approve Washington's program."

6  Dkt. #109, at 21–22. However, Plaintiff's request that the Court order NOAA and EPA to

7  withhold grant funds from Washington is necessarily premised on a finding that Washington

8  has "failed to submit an approvable program." 16 U.S.C. § 1455b(c)(3), (4). Whether

9  Washington has an approvable program is central to the relief Plaintiff requests. Washington

10  does not impermissibly intrude on the agencies' roles by simply requesting that the Court make

11  a finding that is consistent with the agencies' 2012 determination that Washington has an

12  approvable Coastal Nonpoint Pollution Control Program. Washington agrees that the Court can

13  grant summary judgment to Washington without having to rule that Washington has an

14  approvable program because 16 U.S.C. § 1455b(c)(3) and (4) require a finding by NOAA and

15  EPA that Washington failed to submit an approvable program before the agencies are required

16  to withhold grant funds from Washington, and neither agency has made that finding.

17    Consistent with Plaintiff's desire to avoid impermissibly intruding on the agencies'

18  roles, the Court should reject Plaintiff's contention that the agencies' decision in 1998

19  constitutes a finding that Washington has failed to submit an approvable program because the

20  agencies have explained that their decision in 1998 was not a finding that Washington failed to

21  submit an approvable program. Dkt. #108, at 19. The Court should grant summary judgment to

22  Washington regarding claims two and three because in 2012 NOAA and EPA found that

23  Washington had submitted an approvable Coastal Nonpoint Pollution Control Program.

24  CZ0012400. The fact that the agencies delayed finalizing their 2012 decision does not convert

25  that decision into a finding that Washington failed to submit an approvable program under

26  16 U.S.C. § 1455b(c)(3) and (4).

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO.  2:16-cv-01866-JCC

5

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1

## III.   CONCLUSION

2      The State of Washington respectfully requests that the Court grant summary judgment

3  to Washington on claims two and three. In the alternative, the Court should conclude that

4  material issues of fact exist regarding whether Washington's Coastal Nonpoint Pollution

5  Control Program is approvable and deny Plaintiff's Motion for Partial Summary Judgment on

6  Claims Two and Three.

7      RESPECTFULLY SUBMITTED this 7th day of June, 2018.

8                                              ROBERT W. FERGUSON
                                               Attorney General
9

10                                             /s/ Ronald L. Lavigne
                                               RONALD L. LAVIGNE, WSBA #18550
11                                             Senior Counsel

12                                             Attorneys for Defendant-Intervenor
                                               State of Washington
13                                             P.O. Box 40117
                                               Olympia, WA 98504-0117
14                                             (360) 586-6751
                                               Email: *RonaldL@atg.wa.gov*
15

16

17

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO.  2:16-cv-01866-JCC

6

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on June 7, 2018, I electronically filed the foregoing document with

3

the Clerk of the Court for the United States District Court for the Western District of Washington

4

by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be

5

served by the CM/ECF system.

6

7

DATED this 7th day of June, 2018.

8

9

/s/ Ronald L. Lavigne

Ronald L. Lavigne, WSBA #18550

10

Senior Counsel
360-586-6751

11

*RonaldL@atg.wa.gov*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE OF WASHINGTON'S REPLY IN
SUPPORT OF CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:16-cv-01866-JCC

7