THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES,<br><br>Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF COMMERCE, *et al.*,<br><br>Defendants,<br><br>WASHINGTON STATE,<br><br>Defendant-Intervenor. | CASE NO. C16-1866-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for partial summary judgment (Dkt. No. 93-1) and Defendants' cross-motion for partial summary judgment (Dkt. No. 108). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiff's motion and GRANTS Defendants' cross-motion for the reasons explained herein.

**I.    BACKGROUND**

The Court previously articulated background information and summarized the associated statutory schemes at issue in this case and will not repeat that information here. (*See* Dkt. Nos.

39, 56, 58, 79, 84.) Plaintiff and Defendants have filed cross-motions for partial summary judgment (Dkt. Nos. 93-1, 108) solely as to Claims #2 and #3 from Plaintiff's Second Amended and Supplemental Complaint (Dkt. No. 74 at 28–29) consistent with a stipulated briefing schedule (Dkt. Nos. 87, 103). Plaintiff brings these claim pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, seeking judicial review of agency actions.

Plaintiff alleges that the U.S. Environmental Protection Agency ("EPA") and the National Oceanic and Atmospheric Administration ("NOAA") failed to withhold required amounts from annual grants the agencies make to Washington to reduce and manage Washington's nonpoint sources of water pollution. (*Id*. at 28–29.) The grants are made pursuant to Section 319 of the Clean Water Act ("CWA"), 33 U.S.C. § 1329(h)(1), and Section 306 of the Coastal Zone Management Act ("CZMA"), 16 U.S.C. § 1455(a). NOAA and EPA are required to withhold certain amounts from those grants if Washington fails to "submit an approvable [Section 306] program." 16 U.S.C. § 1455b(c)(3). It is undisputed that NOAA has yet to finally approve Washington's Section 306 program. (*See generally* Dkt. No. 108.)

Plaintiff asserts that because Washington has not submitted an approvable Section 306 program, NOAA and EPA have failed to meet their statutory obligations to withhold amounts from Washington's CWA Section 319 and CZMA Section 306 grants for years beginning no later than 2002 and potentially as early as 1996. (Dkt. No. 93-1 at 17–31.) Plaintiff asks the Court to set aside prior grants and compel Defendants to withhold required amounts from future grants until Washington submits an approvable program. (*Id*. at 31.) Defendants contend that Plaintiff lacks standing to assert Claims #2 and #3, that these claims are barred by the statute of limitations, that APA review does not apply to the type of agency action at issue in Claims #2 and #3, and that even if APA review does apply, the agencies have not unreasonably delayed withholding grant funds. (Dkt. No. 108 at 12–27.)

//

//

## II. DISCUSSION

### A. Legal Standard

The APA provides for judicial review of agency actions for any person "adversely affected or aggrieved" by a "final agency action for which there is no other adequate remedy in a court." 5. U.S.C. §§ 702, 704. Where questions before the Court are purely legal, the Court can resolve an APA challenge on a motion for summary judgment. *See Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010). The Court's role is to determine whether, as a matter of law, evidence in the administrative record supports the agency's decision. *Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985).

### B. Standing

As a threshold matter, the Court must ensure it has subject matter jurisdiction, a key component of which is Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "Constitutional standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to make out a concrete 'case' or 'controversy' to which the federal judicial power may extend under Article III, § 2." *Pershing Park Villas Homeowners Ass'n v. United P. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000). The burden falls on the party asserting standing. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). At the summary judgment stage, a plaintiff cannot rest on "mere allegations [of standing], but must set forth by affidavit or other evidence specific facts" to support it. *Gerlinger v. Amazon.com Inc., Borders Group, Inc.*, 526 F.3d 1253, 1255–56 (9th Cir. 2008). "A plaintiff's basis for standing 'must affirmatively appear in the record.'" *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1228 n.5 (9th Cir. 2008) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)).

Defendants previously moved to dismiss on the basis that Plaintiff lacks Article III standing. (Dkt. No. 21 at 36.) The Court denied the motion after finding that Plaintiff adequately pled sufficient facts that, if proven, demonstrate standing. (Dkt. No. 39 at 6–8.) Defendants

reassert their standing argument here (*see* Dkt. No. 108 at 12), which the Court will reconsider[1] in light of "the manner and degree of evidence required at th[is] successive stage[] of the litigation." *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

Generally, to establish Article III standing, Plaintiff must present sufficient evidence to demonstrate the following: (1) a particularized and concrete injury, (2) that is fairly traceable to the challenged conduct, (3) that is likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61.[2] However, this evidentiary burden is reduced for plaintiffs alleging a procedural injury. Such plaintiffs "'must show only that they have a procedural right that, if exercised, *could* protect their concrete interests.'" *Salmon Spawning*, 545 F.3d at 1226 (emphasis in original) (quoting *Defenders of Wildlife v. U.S. E.P.A.*, 420 F.3d 946, 957 (9th Cir. 2005)); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (a person "who has been accorded a procedural right to protect his concrete interests can assert that right without meeting all the normal standards for redressability and immediacy.").

### 1. Procedural Injury

Plaintiff alleges solely a procedural injury for purposes of Claims #2 and #3. (*See generally* Dkt. Nos. 93-1, 109.) Specifically, Plaintiff alleges that NOAA and EPA's failure to withhold funds from Washington's CZMA Section 306 and CWA Section 319 grants pursuant to the Coastal Zone Reauthorization Amendments of 1990 ("CZARA"), 16 U.S.C. § 1455b,

---

[1] Reconsideration is not barred by the law of the case doctrine, as the doctrine is "not an absolute bar to reconsideration of matters previously decided." *See Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1094 n.2 (9th Cir. 2005). Notably, the parties' evidentiary burdens have changed since the Court's prior ruling. Further, "the concerns implicated by the issue of standing—the separation of powers and the limitation of this Court's power to hearing cases or controversies under Article III of the Constitution—trump the prudential goals of preserving judicial economy and finality." *Public Interest Research Group v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–19 (3d Cir. 1997).

[2] Defendants concede that, to the extent Plaintiff meets the requirements described above, it also meets the requirements for organizational standing. (Dkt. No. 111 at 5 n.1); *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 181 (2000). Therefore, the Court need not address the issue of organizational standing.

represents a procedural injury. (*Id.*) "To establish a procedural 'injury in fact, [a plaintiff] must allege . . . that (1) the [agency] violated certain procedural rules; (2) these rules protect [a plaintiff's] concrete interests; and (3) it is reasonably probable that the challenged action will threaten their concrete interests.'" *San Luis & Delta-Mendota Water Auth. v. Haugrud*, 848 F.3d 1216, 1232 (9th Cir. 2017) (alterations in original) (quoting *Nuclear Info. & Res. Serv. v. Nuclear Regulatory Comm'n*, 457 F.3d 941, 949 (9th Cir. 2006)); *see, e.g.*, *Friends of Santa Clara River v. U.S. Army Corps of Engineers*, 887 F.3d 906, 918 (9th Cir. 2018) (applying same standard); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) (same).

The Supreme Court first considered a procedural injury as a basis for standing in *Lujan*. 504 U.S. at 572. The injury flowed from the Endangered Species Act's ("ESA") citizen-suit provision, 16 U.S.C. § 1540(g), as applied to ESA's section 7(a)(2) interagency consultation requirement. *Id*. Since then, courts have considered a variety of alleged procedural injuries in the environmental context. Generally, those injuries resulted from an agency's failure to meet procedural requirements designed to inform that agency's later substantive determination. *See, e.g.*, *Summers*, 555 U.S. at 496–97; *Cal. ex rel. Imperial Cty. Air Pollution Control Dist. v. U.S. Dept. of the Int.*, 767 F.3d 781, 790 (9th Cir. 2014); *Salmon Spawning*, 545 F.3d at 1225–26; *Citizens for Better Forestry v. U.S. Dept. of Agric.*, 341 F.3d 961, 970; *Envtl. Def. Ctr., Inc. v. U.S. E.P.A.*, 344 F.3d 832, 867 (9th Cir. 2003).

Defendants argue that because NOAA and EPA's withholding requirement does not inform further action on the part of those agencies, the agencies' withholding obligation cannot be a procedural requirement. (Dkt. Nos. 108 at 13–14, 111 at 5–8.) The Court disagrees. While this case is not an "archetypal procedural injury" case, where "the same actor [is] responsible for the procedural defect and the injurious final agency action," this does not preclude a finding that the agencies' withholding obligation is procedural. *Natl. Parks Conservation Ass'n v. Manson*, 414 F.3d 1, 5 (D.C. Cir. 2005). CZARA splits responsibilities between state and federal actors. NOAA and EPA are responsible for the procedural requirements—withholding grant funds from

states who have not yet submitted approvable programs. 16 U.S.C. §1455b(c)(3), (4). States are responsible for the substantive requirements—developing and implementing approvable programs to manage nonpoint sources of pollution. 16 U.S.C. §1455b(a)(1); 33 U.S.C. § 1329(b)(1).

For example, in *Natl. Parks*, the "ultimate source of injury [was] two steps removed from the alleged procedural defect." 414 F.3d at 5. EPA was responsible for the procedural act—determining whether a proposed power plant would "have an adverse impact" on air quality—and a state agency was responsible for the substantive act—permitting the power plant in accordance with the Clean Air Act, 42 U.S.C. § 7401 *et seq. Id*. at 4. Even though EPA's decision to withdraw its adverse impact determination did not directly harm the *Natl. Parks* plaintiffs' interests in clean air, the court found that the plaintiffs had a concrete interest in ensuring EPA's reasoned approach to such a determination. 414 F.3d at 5. This case is analogous in that NOAA and EPA's withholding obligations are similarly removed from Plaintiff's interest in the improved management of nonpoint source pollution. Yet, like in *Natl. Parks*, this level of attenuation does not transform the agencies' withholding obligation into a substantive requirement.

However, a finding that NOAA and EPA's withholding obligation is, indeed, a procedural one does not end the standing analysis. "[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing." *Summers*, 555 U.S. at 496. Plaintiff must put forth sufficient evidence to demonstrate that CZARA's withholding obligations protect Plaintiff's concrete interests and that it is reasonably probable that the agencies' failure to withhold threatens those interests. *San Luis & Delta-Mendota Water Auth.*, 848 F.3d at 1232.

The "concrete interest test" requires "a geographic nexus between [a plaintiff] and the location suffering an environmental impact." *Citizens for Better Forestry*, 341 F.3d at 971. Plaintiff provides uncontroverted evidence satisfying this requirement. Specifically, Plaintiff

provides affidavits from its members demonstrating their concrete interests in the quality of Washington's coastal waters. (*See* Dkt. Nos. 28 at 3, 29 at 4, 30 at 6, 31 at 5, 32 at 3) (describing members' use of Washington's shorelines and waters for spiritual balance and solace, to recreate, beachcomb, fish, crab, gather shellfish, birdwatch, and whale watch). Plaintiff also provides citations to the record and extra-record evidence[3] showing that its members' interests would benefit from the improved management of nonpoint sources of pollution. *See* AR[4] WA319-002797 (describing the following demonstrated harms to Washington's shorelines and coastal waters from nonpoint sources of water pollution: "sediment erosion . . . elevated bacteria levels in rivers and streams and in coastal nearshore areas . . . contamination and closure of shellfish harvest areas"); (Dkt. Nos. 92-2 at 14, 92-3 at 6) (describing demonstrated harms to local salmanoid and non-salmanoid priority species from nonpoint sources of pollution); AR CZ0011527 (describing demonstrated harms to Southern Resident Killer Whales from nonpoint sources of pollution).

But a concrete interest is not enough. "'[T]he redress[a]bility requirement is not toothless in procedural injury cases' . . . [p]rocedural rights 'can loosen ... the redressability prong,' not eliminate it." *Friends of Santa Clara River*, 887 F.3d at 918 (9th Cir. 2018) (quoting *Salmon Spawning*, 545 F.3d at 1227; *Summers*, 555 U.S. at 497). Plaintiff must show that it is *reasonably probable* that NOAA and EPA's failure to withhold funds threatens Plaintiff's concrete interests. *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011). This is where Plaintiff's standing argument fails. Plaintiff provides no evidence that its interests are threatened by the agencies' failure to withhold funds. (*See generally* Dkt. Nos. 93-1, 109.) Instead, Plaintiff relies

---

[3] The Court takes judicial notice of extra-record evidence Plaintiff presents from agency websites to the extent it goes to the issue of jurisdiction. *N.W. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527–28 (9th Cir. 1997).

[4] References preceded by "AR" are to Bates-numbered documents in the administrative record submitted by Defendants in three installments. (*See* Dkt. Nos. 48, 49, 53, 61, 63, 88, 89, 90) (notices of filing administrative record, including amendments).

ORDER
C16-1866-JCC
PAGE - 7

on congressional intent and speculates as to how Washington will respond to NOAA and EPA's withholding, if mandated by the Court. (*See* Dkt. Nos. 93-1 at 15–17, 109 at 15–18.) Congressional intent, without some quantum of evidence, is not sufficient. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 185 (2000); *Alaska Ctr. for Env. v. Browner*, 20 F.3d 981, 984 (9th Cir. 1994). Nor is "conjecture about the behavior of other parties." *See San Luis & Delta-Mendota Water Auth.*, 848 F.3d at 1233.

Whereas Defendants provide evidence that withholding grant funds is likely to increase, rather than reduce, harm to Plaintiff's concrete interests. Defendants point to the actions of Oregon's Coastal Management Program once NOAA began withholding 30% of Section 306 grant funding in 2015 after NOAA made a final determination that the state failed to submit an approvable Section 306 program. *See* AR CZ0013614–15. The state's Coastal Management Program eliminated "two-plus positions" and "all planning assistance and technical assistance grants to local governments." AR CZ0013135. Local government's "capacity to conduct development reviews and to enforce regulations that protect riparian and wetland resources" was significantly reduced. AR CZ0013138. Plaintiff provides no evidence to suggest that a similar result will not occur in Washington.

Plaintiff has failed to provide sufficient evidence to support its assertion that NOAA and EPA's failure to withhold funds from Washington's CZMA Section 306 and CWA Section 319 grants represents a redressable procedural injury. Absent another basis to demonstrate standing as to Claims #2 and #3, and Plaintiff alleges none (*see generally* Dkt. Nos. 93-1, 109),[5] the Court does not have subject matter jurisdiction to adjudicate these claims. Accordingly, the Court will not reach Defendants' other contentions in its motion for summary judgment. (*See generally* Dkt. No. 108 at 20–27.)

//

---

[5] Plaintiff does not assert that it has standing for Claims #2 and #3 based on a substantive, rather than a procedural, injury. (*See generally* Dkt. Nos. 74, 93-1, 109.)

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment as to Claims #2 and #3 (Dkt. No. 93-1) is denied and Defendants' cross-motion for partial summary judgment as to Claims #2 and #3 (Dkt. No. 108) is GRANTED. The claims are dismissed without prejudice.

DATED this 12th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE