THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES,<br><br>        Plaintiff,<br><br>        v.<br><br>THE U.S. DEPARTMENT OF COMMERCE, *et al.*,<br><br>        Defendants,<br><br>and<br><br>THE STATE OF WASHINGTON,<br><br>        Defendant-Intervenor. | CASE NO. C16-1866-JCC<br><br>ORDER |

      This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 113). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

      The Court previously awarded Defendants partial summary judgment after finding that Plaintiff failed to present sufficient evidence to establish standing on Claims #2 and #3. (Dkt. No. 112 at 7–8). Plaintiff now moves for reconsideration of this decision, asserting the Court committed manifest error when it required Plaintiff to prove that it has standing. (Dkt. No. 113 at

ORDER
C16-1866-JCC
PAGE - 1

3–5.) Plaintiff also asserts the Court committed manifest error when it applied a "reasonably probable" rather than a "could protect" test in examining redressability in the context of procedural injury. (*Id*. at 6–7.) Finally, Plaintiff moves for leave to conduct limited discovery on this issue. (*Id*. at 5–6.)

Plaintiff first asserts that it was "manifest error to require [it] to establish standing to defeat Defendants' motion for summary judgment." (*Id*. at 4); (*see* Dkt. No. 117 at 2–3) (asserting that Plaintiff need not "prove" standing to defeat a motion for summary judgment). The Court considered the parties' arguments "in light of 'the manner and degree of evidence required at th[is] successive stage[] of the litigation.'" (Dkt. No. 112 at 3–4) (quoting *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013)). "Plaintiffs, as the party asserting federal court jurisdiction" had to put forth sufficient evidence to establish "a genuine issue of material fact as to the standing elements." *Bell v. City of Boise*, 709 F.3d 890, 901 n.15 (9th Cir. 2013). This required sufficient evidence "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff failed to do so. The only evidence Plaintiff put forward was Congressional intent regarding the purpose of CZMA Section 306 and CWA Section 319 grants and unsupported predictions about what might occur if Defendants were to withhold amounts from these grants. (*See* Dkt. No. 112 at 7–8.) This is insufficient to establish a genuine issue of material fact. (*Id*.)

Plaintiff next asserts that it was manifest error to apply the "reasonably probable" test to redressability. (Dkt. No. 113 at 6–7.) Even if this were true, "the redress[a]bility requirement is not toothless in procedural injury cases . . . [p]rocedural rights can loosen . . . the redressability prong, not eliminate it." *Friends of Santa Clara River* v. *U.S. Army Corps of Engineers*, 887 F.3d 906, 918 (9th Cir. 2018) (internal quotation marks and citations omitted). Plaintiff put forth insufficient evidence to demonstrate that withholding grant funds *could* protect its concrete interests.

Finally, Plaintiff seeks leave to conduct limited discovery on this issue. (Dkt. No. 113 at

5–6.) The request is untimely. *See* Fed. R. Civ. P. 56(d)(2). Furthermore, it is not clear to the Court what information Plaintiff could gather that would demonstrate that reducing grant funding could reduce, rather than increase, Plaintiff's injury. *See Qualls By and Through Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (movant must "show how allowing additional discovery would have precluded summary judgment.").

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. No. 113) is DENIED.

DATED this 23rd day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE