THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ENVIRONMENTAL ADVOCATES,

        Plaintiff,

v.

THE U.S. DEPARTMENT OF COMMERCE, *et al.*,

        Defendants.

CASE NO. C16-1866-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for leave to take discovery (Dkt. No. 129). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

The facts of this case have been outlined in prior orders by this Court and will not be repeated here. (*See* Dkt. Nos. 39, 56, 58, 79, 84, 112, 119.) The Court previously granted summary judgment for Defendants on Plaintiff's second and third claims because Plaintiff had failed to establish that it had standing to bring two claims. (Dkt. No. 112.) Now, Plaintiff moves for leave to take discovery into the issue of standing for its fourth and fifth claims. (Dkt. No. 129.) Plaintiff argues that (1) discovery is appropriate in record review cases where discovery is only for the purpose of establishing Article III standing; (2) discovery should be allowed because Defendants contest Plaintiff's standing on claims four and five; and (3) information in the record

suggests that discovery would reveal additional evidence of Plaintiff's standing to bring claims four and five. (*See* Dkt. No. 129.) Defendants oppose the motion, arguing that (1) record review cases are normally limited to the record before the agency and inquiries into standing are not a recognized exception to this general rule; (2) Plaintiff must use affidavits to establish standing, rather than discovery regarding speculative matters; and (3) discovery is not warranted because it is purely speculative, because it likely would not lead to facts sufficient to prove standing, and because there is already evidence in the record going to standing. (*See* Dkt. No. 138).

In administrative record review cases, "courts reviewing an agency decision are limited to the administrative record." *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005). "Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). This is because the district court's role is to review an agency's action, which would require the court to use the evidence that the agency had before it. *See id.* But because Article III's standing requirement does not apply to agency proceedings, there is often no reason for a party to include facts sufficient to establish standing as part of the administrative record. *Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527–28 (9th Cir. 1997). Therefore, extra-record evidence may be appropriate to establish a party's standing to bring a lawsuit in federal court in record review cases. *See id.*

Defendants argue that *Northwest Environmental Defense Center* merely stands for the proposition that Plaintiff-proffered affidavits may be used to supplement an administrative record to prove standing, not broader discovery. (Dkt. No. 138 at 3–7.) The Court is not convinced by this narrow reading. *See Wildearth Guardians v. Salazar*, 2010 WL 2998667, slip op. at *1 (D. Colo. 2010). *Northwest Environmental Defense Center* instructs that extra-record evidence in record review cases is appropriate to provide evidence of a party's standing to bring a claim in federal court. *See Nw. Envtl. Def. Ctr.*, 117 F.3d at 1527–28. Nothing in *Northwest*

*Environmental Defense Center* or in any other case cabins this holding to affidavits. *See id.*; *see also Wildearth Guardians*, 2010 WL 2998667, slip op. at *1. Therefore, discovery may be appropriate to establish Plaintiff's standing to bring claims four and five in this Court.

"[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). First, jurisdiction is controverted. Defendants have previously moved to dismiss claims four and five for lack of standing. (Dkt. No. 21.) Additionally, a more satisfactory showing of the facts is necessary for at least two reasons. First, as discussed above, the administrative record that the Court is required to rely on likely does not contain facts sufficient to establish standing because the Article III standing requirement does not apply to agency proceedings. *See Nw. Envtl. Def. Ctr.*, 117 F.3d at 1527–28. Second, the administrative record is mostly limited to the Environmental Protection Agency's action and it does not go to the State of Washington's likely response to that action. Washington's response to that action is what would allegedly harm Plaintiff. Therefore, Plaintiffs will be granted leave to take discovery into the issue of standing on claims four and five because jurisdiction is controverted and a more satisfactory showing of the facts is necessary.

For the foregoing reasons, Plaintiff's motion for leave to take discovery into standing to bring claims four and five (Dkt. No. 129) is GRANTED. The deadline for this discovery shall be in accordance with the case management schedule already set by this Court. (*See* Dkt. No. 135.)

DATED this 4th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE