THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES,<br><br>Plaintiff,<br><br>v.<br><br>THE U.S. DEPARTMENT OF COMMERCE, *et al.*,<br><br>Defendants. | CASE NO. C16-1866-JCC<br><br>STIPULATED ORDER OF DISMISSAL |

Plaintiff Northwest Environmental Advocates ("Plaintiff"), Defendants the U.S. Department of Commerce, the National Oceanic and Atmospheric Administration, and the United States Environmental Protection Agency ("EPA") (collectively, "Defendants"), and Defendant-Intervenor the State of Washington ("Washington") (collectively "Parties" or individually a "Party") state as follows:

WHEREAS, on January 23, 2018, Plaintiff filed its Second Amended and Supplemental Complaint (Dkt. No. 74) against Defendants alleging violations of the Administrative Procedure Act ("APA"), the Coastal Zone Act Reauthorization Amendments of 1990 ("CZARA"), the Clean Water Act ("CWA"), and Endangered Species Act ("ESA");

WHEREAS, CWA section 319(b), 33 U.S.C. § 1329(b), requires each state, after notice and opportunity for public comment, to prepare and submit to EPA for approval a management program for control of nonpoint sources of pollution that the state proposes to implement in the first four years beginning after the date of the submission;

WHEREAS, CWA section 319(b)(2), 33 U.S.C. § 1329(b)(2), provides that each management program proposed for implementation include, among other things, an identification of the best management practices ("BMPs") and measures to be undertaken to reduce pollutant loadings resulting from categories of nonpoint sources that the state identifies as adding significant pollution in amounts contributing to not meeting water quality standards; an identification of programs to achieve implementation of the BMPs; and a schedule containing annual milestones for utilization of the program implementation methods and implementation of the BMPs identified in the management program. The section further specifies that the schedule provide for utilization of the BMPs at the earliest practicable date;

WHEREAS, CWA section 319(d)(1), 33 U.S.C. § 1329(d)(1), provides that EPA shall either approve or disapprove a nonpoint source management program, including a portion of a nonpoint source management program, submitted by a state and that, if EPA does not disapprove a management program or portion of a management program within 180 days, such management program or portion shall be deemed approved for purposes of CWA section 319;

WHEREAS, CWA section 319(h), 33 U.S.C. § 1329(h), provides that a state that has submitted a management program approved pursuant to CWA section 319(d), 33 U.S.C. § 1329(d), may apply for a federal grant in any fiscal year for the purpose of assisting the state with implementation of such management program;

WHEREAS, CWA section 319(h)(8), 33 U.S.C. § 1329(h)(8), provides that no grant to a state may be made under CWA section 319 in any fiscal year unless the EPA determines that such state made "satisfactory progress" in the preceding fiscal year in meeting the schedule specified by such state under subsection (b)(2) ("satisfactory progress determination");

WHEREAS, on April 12, 2013, EPA issued *Nonpoint Source Program and Grant Guidelines for States and Territories* that emphasizes the importance of states maintaining current and relevant nonpoint source management programs to guide the use of CWA section 319 grant funds and urging states to review and update such programs every five years or risk a determination of unsatisfactory progress under CWA section 319(h)(8), 33 U.S.C. § 1328(h)(8);

WHEREAS, on September 14, 1988, Washington submitted its *Nonpoint Source Water Quality Assessment and Management Program* under CWA section 319, 33 U.S.C. § 1329, to EPA for review and approval;

WHEREAS, on October 13, 1989, EPA approved Washington's *Nonpoint Source Water Quality Assessment and Management Program* pursuant to CWA section 319(d), 33 U.S.C. § 1329(d);

WHEREAS, Washington also transmitted and EPA approved Nonpoint Source Program submissions in 2000 and 2005;

WHEREAS, on July 20, 2015, Washington submitted its *Water Quality Management Plan to Control Nonpoint Sources of Pollution* to EPA for review and approval ("Washington's 2015 Submission");

WHEREAS, on August 21, 2015, EPA approved Washington's 2015 Submission ("EPA's 2015 Approval");

WHEREAS, for the fiscal years 2014, 2015, 2016, 2017, and 2018, EPA determined under CWA section 319(h)(8), 33 U.S.C. § 1329(h)(8), that Washington had made "satisfactory progress" in meeting the schedule specified by Washington under CWA section 319(b)(2), 33 U.S.C. § 1329(b)(2);

WHEREAS, upon application by Washington and based on available appropriations, EPA has made annual grants under CWA section 319(h) to assist with implementation of Washington's nonpoint source management program;

WHEREAS, ESA section 7(a)(2), 16 U.S.C. § 1536(a)(2), requires each federal agency to insure that any action authorized, funded, or carried out by such agency is not likely to jeopardize the continued existence of any endangered or threatened species or result in the destruction or adverse modification of the critical habitat of such species;

WHEREAS, by letter dated September 22, 2016, Plaintiff provided Defendants with 60-days' notice of Plaintiff's intent to sue under the ESA, alleging, among other things, that EPA had failed to initiate or complete consultation under ESA section 7(a)(2) for EPA's approval of Washington's 2015 Submission, and for EPA's findings and funding decisions associated with CWA section 319 grants for Washington; and

WHEREAS, Plaintiff, EPA, and Washington, through their authorized representatives and without any admission or final adjudication of any issues of fact or law or waiver of any factual or legal claim or defense with respect to Plaintiff's Second Amended and Supplemental Complaint, have stipulated to terms that they consider to be a fair, adequate, and equitable resolution of Plaintiff's claims and to be in the public interest;

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Effective upon the date of entry of this Stipulated Order of Dismissal, EPA's 2015 Approval of Washington's 2015 Submission is remanded without vacatur to EPA, for reconsideration as provided for in Paragraphs 3, 4, and 7;

2. Washington shall complete agricultural BMP guidance to control nonpoint source pollution, known as the Clean Water Guidance for Agriculture ("guidance"), implement Washington's nonpoint source management program as set forth below, and submit to EPA updates to Washington's nonpoint source management program ("319 Plan Updates"), as follows:

    a. Washington shall complete the development of five chapters of the agricultural BMP guidance, consistent with 33 U.S.C. § 1329(b)(2)(A)–(B), including the chapter that addresses riparian areas on agricultural lands, on or before December 31, 2022 but in any event in time to be included in the 319 Plan Update identified in subsection (i) below;

        i. On or before December 31, 2022, Washington shall submit to EPA a 319 Plan Update that includes the agricultural BMPs identified to date, and a commitment: to use the BMPs for Washington's CWA section 319 grant funding program; to develop and implement Total Maximum Daily Loads ("TMDLs") and TMDL alternatives, including but not limited to Straight To Implementation projects, with nonpoint components; and for technical assistance work;

        ii. Washington shall complete the development of the remaining eight planned chapters of agricultural BMP guidance, consistent with 33 U.S.C. § 1329(b)(2)(A)–(B), on or before December 31,

2025 but in any event in time to be included in a 2025 319 Plan Update;

   iii. Agricultural BMP guidance chapters shall be made available to the public in draft form on an ongoing basis not later than December 31, 2020;

   iv. In the agricultural BMP guidance chapters, Washington shall include numeric values for the BMPs except where it does not make sense to do so. For the BMPs involving riparian areas, Washington shall establish necessary widths, and base riparian buffer plant composition guidance on mature vegetation communities composed of native species and consistent with ecological site potential, to meet water quality standards to the extent possible;

   v. Washington shall provide approximate pollutant removal/reduction information for those BMPs in the guidance chapters that have pollutant removal/reduction information available in the existing literature;

   vi. Washington's future 319 Plan Updates shall specify that the BMPs in the guidance chapters shall be used in Washington's CWA section 319 grant funding program; to develop and implement TMDLs with nonpoint components; and for technical assistance work;

   vii. Washington shall include Plaintiff, the Washington Farm Bureau Federation, and the Washington Cattlemen's Association on the

      emails for all of the BMP guidance committees' correspondence;

 b. Update Funding Guidelines.

  i. As agricultural BMP guidance chapters are developed for each practice category, Washington shall update its grant funding guidelines (for BMP project eligibility) to reflect the recommendations of the guidance;

 c. New TMDLs - Incorporate Recommended BMPs.

  i. Washington shall include recommended suites of BMPs in TMDLs or TMDL implementation plans to meet load allocations;

  ii. If watershed specific information requires more protective BMPs or suites of BMPs than the guidance, TMDLs or TMDL implementation plans shall include modified BMPs to reflect the load allocations in the TMDL;

 d. Watershed Evaluations, Complaint Response and Technical Assistance.

  i. When pollution sources are identified and property operators are contacted, Washington shall discuss and recommend BMPs consistent with the agricultural BMP guidance;

  ii. Washington shall track what BMPs are implemented at those sites.

  iii. Washington shall provide training to its field staff on how to use the BMP guidance;

  iv. Washington shall develop outreach materials for each set of BMPs that can be used by field staff to assist in Washington's communication and recommendation of BMPs;

e. CWA section 319(h) Annual Work Plans.

   i. Washington shall identify the priority watersheds in which Washington will focus its non-grant implementation efforts (*e.g.*, TMDL implementation, other nonpoint source control implementation);

   ii. Washington shall include a description of priority actions to be conducted in each priority watershed;

f. CWA section 319(h) Annual Reports.

   i. Washington shall submit annual reports to EPA that address each component in Washington's nonpoint source management plan that addresses the elements of 33 U.S.C. § 1329(b)(2);

   ii. Washington shall add a section that pertains to non-grant related BMP adoption and efforts pertaining to the annual work plans; and

   iii. Washington shall also include the following information in each annual report to EPA:

      A. Update about the status and progress of BMP guidance development;

      B. Description of updates to Washington funding guidelines based on BMP guidance development;

      C. Use of BMP guidance for technical assistance;

      D. Use of BMP guidance in new TMDLs and TMDL implementation plans, TMDL implementation, and

TMDL alternatives;

E. BMP outreach materials developed and training provided to field staff;

F. Number of watershed evaluations conducted per watershed; and

G. Number of complaints received and summary of complaint types.

3. EPA's reconsideration of Washington's 2015 Submission shall be stayed until January 2, 2023 (or the next business day after Washington submits the December 2022 319 Plan Update required by Paragraph 2(a)(i) if that submission date is extended under Paragraphs 10 or 11), and such reconsideration shall not be required in the event that Washington transmits to EPA Washington's December 2022 319 Plan Update in a timely manner under Paragraph 2(a)(i);

4. If Washington does not transmit a 319 Plan Update in a timely manner under Paragraph 2(a)(i), or as extended by Paragraphs 10 or 11, then EPA shall take final action on its reconsideration of EPA's 2015 Approval of Washington's 2015 Submission within 180 days of the date by which Washington was required to transmit its 319 Plan Update under Paragraph 2(a)(i) or as extended by Paragraphs 10 or 11;

5. If Washington transmits a 319 Plan Update in a timely manner under Paragraph 2(a)(i), or as extended by Paragraphs 10 or 11, then within 180 days of EPA's receipt of that 319 Plan Update, EPA shall review it and take final agency action either approving or disapproving it. In conducting its review EPA shall consider EPA's *Nonpoint Source Program and Grants Guidelines* (April 2013), including Appendix A. Plaintiff, EPA, and Washington agree that EPA's discretion shall not be constrained as to the substance of that review;

6. If Washington transmits a 319 Plan Update that is timely under Paragraph 2(a)(i), or as extended under Paragraphs 10 or 11, then within 150 days of EPA's receipt of that 319 Plan Update, EPA shall make an effects determination, pursuant to 50 C.F.R. § 402.14(a), on EPA's approval, if any, of that 319 Plan Update and, as appropriate, request initiation of ESA section 7 consultation with the U.S. Fish and Wildlife Service and/or the National Marine Fisheries Service;

7. If Washington does not transmit a 319 Plan Update that is timely under Paragraph 2(a)(i), or as extended by Paragraphs 10 or 11, then by the next business day that is 150 days after the deadline for submitting the 319 Plan Update established by Paragraphs 2(a)(i), 10, or 11, EPA shall make an effects determination pursuant to 50 C.F.R. § 402.14(a), on EPA's action upon reconsideration of Washington's 2015 Program Submission and, as appropriate, request initiation of ESA section 7 consultation with the U.S. Fish and Wildlife Service and/or the National Marine Fisheries Service;

8. EPA shall make an effects determination pursuant to 50 C.F.R. § 402.14(a), on the satisfactory progress determination for Washington that EPA makes after the deadline set forth in Paragraph 2(a)(i), or as extended by Paragraphs 10 or 11, and, as appropriate, request initiation of ESA section 7 consultation with the U.S. Fish Wildlife Service and/or National Marine Fisheries Service. If EPA determines that Washington made satisfactory progress in the preceding fiscal year, then EPA shall make an effects determination pursuant to 50 C.F.R. § 402.14(a), on Washington's next CWA section 319 grant award after the date in Paragraph 2(a)(i), or as extended by Paragraphs 10 or 11, and, as appropriate, request ESA section 7 consultation with the U.S. Fish and Wildlife Service and/or National Marine Fisheries Service;

9. Notwithstanding the commitments in Paragraphs 6–8, EPA does not concede that CWA section 319(b) program submissions, CWA section 319(h)(8) satisfactory progress determinations, or CWA section 319(h) grant awards are "actions" within the meaning of 50 C.F.R. § 402.02 and EPA reserves all available defenses to Plaintiff's ESA claims. EPA's commitments under Paragraphs 6–8 shall not be admissible in any proceeding except one to resolve Plaintiff's motion for costs and attorneys' fees in this case, or one to enforce this Stipulated Order of Dismissal;

10. If, due to unforeseen circumstances, EPA or Washington are unable to meet the deadlines in this Stipulated Order of Dismissal, EPA and Washington may seek reasonable modifications of the deadlines. In such a circumstance, EPA or Washington will notify Plaintiff of the requested modification and the reasons therefor, as set forth in Paragraph 11 below. By signing below, the Parties specifically acknowledge that Washington is using a multi-agency effort to address riparian buffers and anticipates that it will be able to meet the 2022 deadline for completing the riparian buffer BMP. If it appears that the 2022 deadline may be in jeopardy, Washington will give Plaintiff the earliest possible notice and Plaintiff agrees to take into account the multi-agency effort in considering a request by Washington to extend the deadline;

11. This Stipulated Order of Dismissal may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that any Party seeks to modify the terms of this Stipulated Order of Dismissal, or in the event of a dispute arising out of or relating to this Stipulated Order of Dismissal, or in the event that any Party believes that another of the Parties has failed to comply with any term or condition of this Stipulated Order of Dismissal, then the

Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Parties with notice of the claim. The Party raising the dispute shall commence an informal dispute resolution period to be no shorter than 30 days or other reasonable time under the circumstances, by giving written notice to the other Parties stating the nature of the matter to be resolved and the position of the Party asserting the controversy. The Parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time during the informal dispute resolution period in a good faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, any Party may seek relief from the Court;

12. In the event that either EPA or Washington or both fail to meet a deadline or fail to perform an obligation established by this Stipulated Order of Dismissal, and have not sought to modify it pursuant to the procedures set forth in Paragraphs 10 and 11, Plaintiff shall not move for contempt; rather, Plaintiff's sole remedy shall be to enforce the terms of this Stipulated Order of Dismissal, which may include having the Court establish a new deadline for any action required by this Stipulated Order of Dismissal. Additionally, Plaintiff shall not challenge the content of EPA's effects determinations under Paragraphs 6–8 in a motion to enforce this Stipulated Order of Dismissal;

13. *Force Majeure*—The possibility exists that circumstances outside the reasonable control of EPA or Washington could delay compliance with the deadlines contained in this Stipulated Order of Dismissal. Such situations include, but are not limited to, sufficient funds not being appropriated as requested, appropriated funds not being available for expenditure, a federal government shutdown, or a catastrophic environmental event requiring an immediate and/or time-consuming response by EPA or Washington. Should a delay occur due to such

circumstances, any resulting failure to meet the timetables set forth herein shall not constitute a failure to comply with the terms of this Stipulated Order of Dismissal, and any deadlines so affected shall be extended one day for each day of the delay. EPA or Washington (whichever is affected by *Force Majeure*) will provide Plaintiff and the Court with reasonable notice in the event that EPA or Washington invokes the terms of this Paragraph, at which point the Parties will meet and confer on extending the deadline and modifying this Stipulated Order of Dismissal under Paragraphs 10 and 11 herein;

14. Plaintiff hereby forever covenants not to assert against EPA (by way of the commencement of an action, the joinder of EPA in an existing action or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity, that Plaintiff may have had, or may now have, against EPA based upon the same transactions or occurrences that are at issue in the Complaint, Amended Complaint, and Second Amended and Supplemental Complaint in this case. The Parties agree not to appeal any earlier Order of the District Court in this case;

15. Upon entry of this Stipulated Order of Dismissal, this action is dismissed with prejudice under Federal Rule of Civil Procedure 41(a)(2). Except as provided in Paragraph 14 herein, nothing in this Stipulated Order of Dismissal shall preclude Plaintiff from challenging, in a separate suit, any final agency action taken pursuant to the obligations set forth herein or any final decisions under CWA section 319, ESA section 7(a)(2), or 16 U.S.C. § 1455b;

16. Plaintiff reserves the right to seek recovery of its attorneys' fees and costs incurred in connection with this action. Pursuant to 28 U.S.C. § 2412 and Federal Rule of Civil Procedure 54(d), Plaintiff shall file its petition for fees and costs for all of its claims within 30 days of entry of this Stipulated Order of Dismissal. By entering into this Stipulated Order of

Dismissal, EPA does not waive any right to contest attorneys' fees or costs sought by Plaintiff in this action;

17. Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Stipulated Order of Dismissal arising from a need to enforce this Order with respect to any EPA deadline or action;

18. This Court shall retain jurisdiction over this matter to construe, carry out, enforce, modify, or resolve any dispute regarding the terms and conditions of this Stipulated Order of Dismissal;

19. This Stipulated Order of Dismissal shall become effective upon the date of its entry by the Court. If for any reason the Court does not enter this Stipulated Order of Dismissal, the obligations set forth in this Stipulated Order of Dismissal are null and void;

20. This Stipulated Order of Dismissal is not to be construed as a concession by any Party as to the validity of any fact or legal position concerning the claims or defenses in this action;

21. Nothing in this Stipulated Order of Dismissal shall be interpreted as, or shall constitute, a commitment or requirement that EPA is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law; and

22. No provision of this Stipulated Order of Dismissal shall be interpreted as or constitute a commitment or requirement that EPA take action in contravention of the CWA, ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Stipulated Order of Dismissal shall be construed to limit or modify the discretion accorded to

EPA by law with respect to the procedures to be followed in completing the actions set forth above or the substance of any EPA decision under CWA section 319.

Each undersigned representative of the Parties certifies that he or she is fully authorized to enter into and execute the terms and conditions of this Stipulated Order of Dismissal.

IT IS SO STIPULATED. Dated this 15th day of December, 2020.

**For the State of Washington and the Washington State Department of Ecology:**

/s/Ronal L. Lavigne
RONALD L. LAVIGNE, WSBA #18550
Washington Attorney General's Office
Senior Counsel
P.O. Box 40117
Olympia, Washington 98504-0117
(360) 586-6751
RonaldL@atg.wa.gov

*Attorneys for Defendant-Intervenor State of Washington*

**For the Federal Defendants including the U.S. Environmental Protection Agency:**

/s/ *Briena L. Strippoli*
BRIENA L. STRIPPOLI
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 305-0339
briena.strippoli@usdoj.gov

/s/ *Michele L. Walter*
MICHELE L. WALTER
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th Street
South Terrace – Suite 370
Denver, CO 80202
(303) 844-1345
Michele.Walter@usdoj.gov

*Attorneys for Federal Defendants*

**For plaintiff Northwest Environmental Advocates:**

/s/ Paul Kampmeier
PAUL A. KAMPMEIER, WSBA #31560
Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468

/s/ Allison LaPlante
ALLISON LAPLANTE, OSB #023614
*Admitted Pro Hac Vice*
Earthrise Law Center

Seattle, Washington 98104
Telephone: (206) 858-6983
Email: paul@kampmeierknutsen.com

Lewis & Clark Law School
10015 S.W. Terwilliger Blvd.
Portland, OR 97219
Telephone: (503) 768-6894
Email: laplante@lclark.edu

*Attorneys for Plaintiff Northwest Environmental Advocates*

IT IS SO ORDERED.

DATED this 8th day of January 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE